**In re B.D., Appellant.**

**No. 01–99–00437–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 9, 2000.

Rehearing Overruled April 27, 2000.

William B. Connolly, Houston, for Appellant.

Dan McCrory, John B. Holmes, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION

` MURRY B. COHEN, Justice.

The issue in this case is whether a juvenile defendant who is over 18, and thus not a "child" under the Family Code, is covered by repealed Family Code sections 55.01–.02, replaced by current sections 55.11–.19. We hold he is not.

Upon appellant's stipulation, the trial judge found appellant, a juvenile, had engaged in the delinquent conduct of attempted murder and ordered appellant committed to the Texas Youth Commission (TYC) for a determinate sentence of 10 years. Three years later, upon the State's motion and after a hearing, the trial judge ordered appellant transferred to the penitentiary to serve the remainder of his sentence. We affirm.

### Question of Mental Illness

In issue two, appellant argues the trial judge erred in denying his oral motion to initiate mental-health proceedings.

For the first time during closing arguments, appellant said only:

> I think that [appellant] needs to—that he needs to be committed to Rusk or some other state hospital where he can stay for some time where he can have more treatment. I have read this report. I know what they say about him being resistant to treatment, but TDC[J–ID] is not the place to put him at this time.... And I firmly believe that the only place for him is some sort of a mental health institution where he may be able to get his problems addressed. I don't think TDC[J–ID] is a place where anything is going to be addressed.... I would request that the Court take that into consideration and see what we can do about getting him somewhere where his mental health problems can be addressed more fully.

This was not a motion for anything. There was no request for abatement, no request for an examination to occur before further proceedings on the State's motion to transfer, and no reference to any of the statutes on which appellant now relies. There was nothing for the trial judge to deny.

We understand appellant also to argue that the trial judge erred in not sua sponte ordering a mental-health examination or services. Specifically, appellant argues the evidence proved he suffered from mental illness as a matter of law, requiring the trial judge to determine the necessity of mental-health services. Appellant relies solely on the italicized portions of the following statutes, which we set out in full:

### § 55.01. Physical or Mental Examination

(a) *At any stage of the proceedings under this title, the juvenile court may order a child alleged by petition or found to have engaged in delinquent conduct or conduct indicating a need for supervision to be examined by appropriate experts, including a physician, psychiatrist, or psychologist.*

(b) If an examination ordered under Subsection (a) of this section is to determine whether the child is mentally retarded, the examination must consist of a determination of mental retardation and an interdisciplinary team recommendation, as provided by Chapter 593, Health and Safety Code, and shall be conducted at a facility approved or operated by the Texas Department of Mental Health and Mental Retardation or at a community center established in accordance with Chapter 534, Health and Safety Code.

### § 55.02. Child with Mental Illness

(a) *The court shall initiate proceedings to order temporary or extended mental health services,* as provided in Subchapter C, Chapter 574, Health and Safety Code,[1] *for a child alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision if:*

> (1) *on motion by a party or the court it is alleged that the child is mentally ill;* or

> (2) a child is found or alleged to be unfit to proceed as a result of mental illness under Section 55.04 of this chapter or is found not responsible for the child's conduct as a result of mental illness under Section 55.05 of this chapter.

(b) Subtitle C, Title 7, Health and Safety Code,[2] governs proceedings for court-ordered mental health services except that the juvenile court shall conduct

---

1. TEX. HEALTH & SAFETY CODE ANN. §§ 574.031–.037 (Vernon 1992 & Supp.2000).

2. TEX. HEALTH & SAFETY CODE ANN. §§ 571.001–577.019 (Vernon 1992 & Supp.2000) ("Texas Mental Health Code").

the proceedings whether or not the juvenile court is also a county court.

(c) If the juvenile court orders mental health services for the child, the child shall be cared for, treated, and released in conformity to Subtitle C, Title 7, Health and Safety Code, except:

(1) a juvenile court order for mental health services of a child automatically expires on the 120th day after the date the child becomes 18 years of age; and

(2) the administrator of a mental health facility shall notify, in writing, the juvenile court that ordered mental health services of the intent to discharge the child at least 10 days prior to discharge.

(d) If the juvenile court orders mental health services for the child, the proceedings under this title then pending in juvenile court shall be stayed.

(e) If the child is discharged from the mental health facility before reaching 18 years of age, the juvenile court may:

(1) dismiss the juvenile court proceedings with prejudice; or

(2) continue with proceedings under this title as though no order of mental health services had been made.

(f) The juvenile court shall transfer all pending proceedings from the juvenile court to a criminal court on the 18th birthday of a child for whom the court has ordered mental health services under this section if:

(1) the child is not discharged or furloughed from the residential care facility before reaching 18 years of age; and

(2) the child is alleged to have engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045.[3]

(g) The juvenile court shall send notification of the transfer of a child under Subsection (f) to the residential care facility. The criminal court shall, within 90 days of the transfer, institute proceedings under Article 46.02,[4] Code of Criminal Procedure.

TEX. FAM.CODE ANN. §§ 55.01, 55.02 (Vernon 1996) (emphasis added), repealed, now codified at TEX. FAM.CODE ANN. §§ 51.20, 55.11–.19 (Vernon Supp.2000) (effective Sept. 1, 1999).[5]

Appellant argues only that evidence showed he was mentally ill, requiring initiation of proceedings under sections 55.01–.02 for mental-health services. He does not contend he was incompetent to proceed in court or insane at the time of his offenses. See id. §§ 55.03–.05, repealed, now codified at TEX. FAM.CODE ANN. §§ 55.31–.44 (Vernon Supp.2000) (effective Sept. 1, 1999); compare TEX.CODE CRIM. P. ANN. art 46.02 (Vernon 1979 & Supp.2000) (incompetency to stand trial).

Appellant was 16 years old when he committed the offense, was adjudged delinquent, and was committed to TYC. However, at the time of the release or transfer hearing from which he appeals, appellant was 19 years old. Both sections

---

3. TEX. FAM.CODE ANN. § 53.045(a) (Vernon Supp.2000) (generally, habitual felony conduct; certain violent offenses; some controlled-substance violations that are aggravated or are first-degree felonies; felony injury of children, elderly, or disabled; some criminal solicitation; criminal attempt of certain violent offenses; and arson, if bodily injury or death is suffered).

4. TEX.CODE CRIM. P. ANN. art 46.02 (Vernon 1979 & Supp.2000) (incompetency to stand trial).

5. Repealed Family Code sections 55.01 and 55.02—replaced by current sections 55.11 through 55.19 effective September 1, 1999—apply to this cause. See Acts 1999, 76th Leg., R.S., ch. 1477, §§ 14, 39(a), 1999 Tex. Gen. Law 5072, 5090 (amendment applies to conduct occurring on or after act's effective date). Appellant's reply brief concedes this. The date of the hearing was April 8, 1999. We have fully quoted the repealed statutes because of their similarity to the statutes that replaced them, sections 55.11, 55.12, 55.15, 55.16, 55.18, and 55.19. For the same reason, we have ordered this opinion published.

55.01 and 55.02 apply only to a "child," and appellant was not a "child" at that time.

The Family Code defines "child" as a person who is over 10 years old or under 17 years old or one who is 17 years old or older and under 18 years old, if alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before turning 17. TEX. FAM.CODE ANN. § 51.02(2) (Vernon Supp.2000). Thus, sections 55.01 and 55.02 did not apply to appellant on the date of his hearing, April 8, 1999, because on that date, he was not a "child." Additionally, Family Code section 55.02 expressly provides that any mental health service ordered for a "child" expires automatically 120 days after he turns 18. TEX. FAM.CODE ANN. § 55.02(c)(1) (repealed 1999). On April 8, 1999, the date of the hearing, appellant was already 19 years and 79 days old. Thus, the court had no power under these sections to order mental health treatment for him.

We hold that because appellant, was not a "child" under Family Code section 51.02(2), the judge had no duty under Family Code sections 55.01 or 55.02 to initiate mental-health examinations or proceedings.

We overrule issue two.

### Notice of Hearing

■ In issue one, appellant argues the trial judge committed "fundamental error" by allegedly not notifying him of the transfer hearing, as required by Family Code section 54.11:

> § 54.11. Release or Transfer Hearing
>
> (a) On receipt of a referral ... for the transfer to the institutional division of the Texas Department of Criminal Justice of a person committed to the Texas Youth Commission ... the court shall set a time and place for a hearing on the release of the person.
>
> (b) The court *shall* notify the following of the time and place of the hearing:

> (1) the person to be transferred or released under supervision; ...
>
> (c) *Except for the person to be transferred or released under supervision* and the prosecuting attorney, the failure to notify a person listed in Subsection (b) of this section does not affect the validity of a hearing conducted or determination made under this section if the record in the case reflects that the whereabouts of the persons who did not receive notice were unknown to the court and a reasonable effort was made by the court to locate those persons....
>
> (e) At the hearing, the person to be transferred or released under supervision is entitled to an attorney, to examine all witnesses against him, to present evidence and oral argument, and to previous examination of all reports on and evaluations and examinations of or relating to him that may be used in the hearing....

TEX. FAM.CODE ANN. § 54.11 (Vernon 1996) (emphasis added). Appellant concedes he was present at the hearing, but did not object. Nor does he contend he was not notified. His complaint is, "There was no showing in the Reporter's Record nor any proof contained in the Clerk's Record that [appellant] was even notified of the time and place of the transfer hearing...."

■ Assuming without deciding that appellant may raise this complaint for the first time on appeal, we disagree. The transfer hearing was held on April 8, 1999. The State's motion for transfer hearing requested appellant, his counsel, and TYC, among others, be notified and a bench warrant be issued for appellant. A docket notation indicates a "bench warrant [was] signed for [appellant]" on March 31, 1999. Appellant and his counsel attended, and no one requested a continuance due to insufficient time to prepare. The order transferring appellant to prison recited that "due notice had been issued to all parties." We presume the regularity of recitations like this in judgments. *See Breazeale v. State,*

683 S.W.2d 446, 450–51 (Tex.Crim.App. 1985) (op. on reh'g).

In *In the Matter of R.G.*, this Court held the trial judge did not err in overruling the appellant's objection to its jurisdiction to consider his transfer to TDCJ–ID under section 54.11. 994 S.W.2d 309, 311 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The appellant had argued the State had to prove he received notice of the hearing, but the record showed (1) the State requested notice be sent to all interested parties, (2) the judge ordered that notice be sent, and (3) all interested parties were present for the hearing. *Id.* We first held that the trial court had jurisdiction over appellant by virtue of another statute.[6] We then held as follows:

> As to appellant's general complaint about the adequacy of the notice of the hearing, Section 54.11(b) of the Family Code provides: "The court shall notify the following of the time and place of the hearing: (1) the person to be transferred or released under supervision." The record reflects the following: In its motion for a release and transfer hearing, the State requested that appellant receive "proper notification as required by law"; the trial court ordered that appellant (as well as appellant's legal custodian, parents, and the mother of the complainant) receive notice of the hearing; all of those parties, plus appellant's attorney who had agreed to the hearing date, were present at the hearing. We conclude that the record supports the trial court's finding, set out in its order, that "due notice had been issued on all parties as required by sections 54.11(b) and (d), Texas Family Code."

*Id.* at 311–12 (emphasis added; internal citations omitted). Appellant argues *R.G.* considered only whether the trial court had jurisdiction, which he concedes exists

here. However, as the above quotation indicates, the *R.G.* Court also considered the adequacy of the showing of notice. Although in *R.G.* the record contained an order that notice be sent, we nonetheless find it controlling here.[7]

Appellant next argues that *R.G.* was wrongly decided because it did not require the State affirmatively to show he received notice. Appellant cites no authority holding section 54.11 places this burden on the State. Rather, he analogizes to Family Code section 53.06, which provides, "The juvenile court shall direct issuance of a summons to ... the child named in the petition...." Tex. Fam.Code Ann. § 53.06 (Vernon 1996). He also relies on the case law interpreting section 53.06, which requires the State affirmatively to show the juvenile received service of summons for jurisdiction to vest in the juvenile court. *See In the Matter of D.W.M.*, 562 S.W.2d 851, 853 (Tex.1978) (holding (1) record must affirmatively show summons with which juvenile was served for jurisdiction to vest in juvenile court and (2) no jurisdiction existed despite juvenile's attendance because no affirmative showing of service was made); *see also Grayless v. State*, 567 S.W.2d 216, 219–20 (Tex.Crim.App.1978) (same, when record showed no summons issued, despite juvenile's attendance).

■ We distinguish this authority because it concerns service of summons, which neither is a notice of hearing nor implicates subject matter jurisdiction. Appellant concedes the trial court had subject matter jurisdiction. *See* Tex. Fam.Code Ann. § 51.0411 (Vernon Supp.2000) ("The court retains jurisdiction over a person ... who is referred to the court under Section 54.11 for transfer to [TDCJ–ID] or release under supervision."). We recognize that the State has the burden to invoke a

---

6. *See* Tex. Fam.Code Ann. § 51.0411 (Vernon Supp.2000).

7. Appellant also distinguishes *In re G.R.*, No. 01–98–01142–CV, 1999 WL 351138 (Tex.

App.—Houston [1st Dist.] June 3, 1999, no pet.) (not designated for publication), but we may not consider this unpublished opinion. *See* Tex.R.App. P. 47.7.

court's criminal jurisdiction by presenting an indictment or information;[8] in juvenile matters, it does so by affirmatively showing service of summons. The concerns underlying invocation of jurisdiction do not exist here.

We overrule issue one.

We affirm the judgment.