47 S.W.3d 128 (2001)
In the Matter of J.L.S., A Juvenile.
No. 10-00-129-CV.
Court of Appeals of Texas, Waco.
May 2, 2001.
Dick Kettler, Waco, for appellant.
John W. Segrest, Dist. Atty. for McLennan County, James Wiley, Asst. Dist. Atty. for McLennan County, Waco, for appellee.
Before Chief Justice DAVIS, VANCE and GRAY, Justices.

OPINION
DAVIS, Justice.
The court committed J.L.S. to the custody of the Texas Youth Commission ("TYC") for a determinate sentence of seventeen years. Subsequently, TYC requested *129 that the court transfer J.L.S. to the institutional division of the Texas Department of Criminal Justice ("TDCJ") for completion of his sentence. The court granted this request after a hearing. J.L.S. claims in a single point that the court lacked jurisdiction to conduct a transfer hearing because the court did not give him proper notice.
Section 61.079 of the Human Resources Code provides that TYC may refer a child to the juvenile court after his sixteenth birthday but before his twenty-first birthday for transfer to TDCJ to serve the remainder of his sentence. See TEX. HUM. RES.CODE ANN. § 61.079 (Vernon 2001). On receipt of this referral, the court must set the matter for hearing. See TEX. FAM. CODE ANN. § 54.11(a) (Vernon 1996). "The court shall notify the [person to be transferred or released and others[1]] of the time and place of the hearing...." Id. § 54.11(b) (Vernon 1996).
Except for the person to be transferred or released under supervision and the prosecuting attorney, the failure to notify a person listed in Subsection (b) of this section does not affect the validity of a hearing conducted or determination made under this section if the record in the case reflects that the whereabouts of the persons who did not receive notice were unknown to the court and a reasonable effort was made by the court to locate those persons.
Id. § 54.11(c) (Vernon 1996).
In accordance with TYC's referral, the State filed a motion asking the court to transfer J.L.S. to TDCJ for completion of sentence. The State's motion asks the court to issue "such notification as required by law to" J.L.S. and all others entitled to notice under the statute. The State also requested issuance of a bench warrant to the superintendent of the TYC facility in which J.L.S. was incarcerated.
The court set the matter for hearing on March 17, 2000. The court issued a bench warrant directing the superintendent to deliver J.L.S. over to McLennan County sheriff's deputies "no later than March 12, 2000." The clerk's record reflects that J.L.S.'s mother received personal service on February 28. No other written notices appear in the clerk's record.
On the morning of March 16, J.L.S.'s counsel filed a motion for continuance alleging that his client had not yet been returned to McLennan County for the hearing. Counsel requested a continuance so that he could have sufficient time to consult with J.L.S. before the hearing.
J.L.S. appeared for the hearing the following morning. Counsel asked the court to grant a continuance. He informed the court that J.L.S. had arrived on March 16 "sometime" after he filed the motion and that they had talked "for a while." He represented to the court that he needed additional time to consult with his client to prepare for the hearing. The State did not oppose the requested continuance. The court continued the matter for one week and informed those present that the hearing would be held on March 24, 2000 at 1:30 p.m.
The court heard the State's motion at the scheduled time. After hearing, the court transferred J.L.S. to the custody of TDCJ for completion of his sentence.
*130 J.L.S. argues in his sole point that the court lacked jurisdiction to proceed with the transfer hearing absent proper notice. He analogizes the notice requirement of section 54.11 to that found in sections 54.02(b) and 53.06 of the Family Code. Compare TEX. FAM.CODE ANN. § 54.11(b) with TEX. FAM.CODE ANN. § 53.06 (Vernon 1996), § 54.02(b) (Vernon Supp.2001).
The State contends that J.L.S. has not properly preserved this issue for our review. However, the Supreme Court has held "that when a statute directs a juvenile court to take certain action, the failure of the juvenile court to do so may be raised for the first time on appeal unless the juvenile defendant expressly waived the statutory requirement." In re C.O.S., 988 S.W.2d 760, 767 (Tex.1999) (citing Marin v. State, 851 S.W.2d 275, 279 (Tex.Crim. App.1993)). Section 54.11(b) plainly requires the court to give notice to the juvenile whose transfer is requested. Thus, J.L.S. may raise the court's failure to comply with the statute for the first time on appeal. See id.
The original jurisdiction of a juvenile court attaches when a petition is filed alleging that the child has engaged in delinquent conduct or conduct indicating a need for supervision and a summons is served on the child. See In re D.W.M., 562 S.W.2d 851, 853 (Tex.1978); In re B.D., 16 S.W.3d 77, 81-82 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); R.X.F. v. State, 921 S.W.2d 888, 893 (Tex. App.-Waco 1996, no writ). Unless the juvenile court decides to waive its exclusive jurisdiction and transfer the child to a district court, the court can continue to exercise jurisdiction over the child even after adjudication and disposition.[2]See TEX. FAM.CODE ANN. § 51.041 (Vernon 1996), §§ 51.04(a), 51.0411, 54.02 (Vernon Supp.2001); see also G.A.O. v. State, 854 S.W.2d 710, 716-17 (Tex.App.-San Antonio 1993, no writ).
After adjudication, if the court disposes of the case in some manner other than commitment to TYC, then the court retains continuing jurisdiction to modify the disposition until the child turns eighteen or is discharged by court order or by operation of law. See TEX. FAM.CODE ANN. § 54.05(a) (Vernon Supp.2001); In re J.A.D., 31 S.W.3d 668, 670 (Tex.App.-Waco 2000, no pet.); G.A.O., 854 S.W.2d at 716-17. In the case of a child committed to TYC, the court can again exercise jurisdiction over the child by referral from TYC for the purpose of a transfer to TDCJ.[3]See TEX. HUM. RES.CODE ANN. § 61.079; TEX. FAM.CODE ANN. §§ 51.0411, 54.11; B.D., 16 S.W.3d at 81-82.
In this case, TYC referred J.L.S. to the juvenile court for a transfer to TDCJ. This referral invested the court with jurisdiction over the matter. Id.
Section 54.11(b) does not specify the manner of notice which must be provided for a transfer hearing. See TEX. FAM.CODE ANN. § 54.11(b). However, the statute does specify the content of the notice. Under the statute, the court must notify the juvenile of "the time and place of the hearing." Id. On the date originally scheduled for the hearing in J.L.S.'s case, the court granted counsel's motion for continuance and informed J.L.S., his counsel, *131 the prosecuting attorney, and others in the courtroom that the matter would be heard on March 24, 2000 at 1:30 p.m. This constitutes sufficient notice under the statute.
Accordingly, we overrule J.L.S.'s sole point and affirm the transfer order.
NOTES
[1] In addition to the potential transferee, section 54.11(b) requires that the court provide notice to: the juvenile's parents; any legal custodian of the juvenile (including TYC); the office of the prosecuting attorney; the victim or a member of the victim's family; and any other person who has filed a written request for notice. See TEX. FAM.CODE ANN. § 54.11(b) (Vernon 1996).
[2] A juvenile court can also waive its jurisdiction and transfer the child to a municipal or truancy court for the child's unexcused absence from school in certain instances. See TEX. FAM.CODE ANN. §§ 51.03(b)(2), 54.021 (Vernon Supp.2001).
[3] In certain cases, TYC must also consult with the juvenile court when it decides to release a juvenile on parole before completion of sentence. See TEX. HUM. RES.CODE ANN. § 61.081 (Vernon 2001).