Opinion issued February 19, 2004










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00108-CV




GENERAL ELECTRIC CAPITAL ASSURANCE CO. AND BANK ONE
TEXAS, N.A., Appellants

V.

BARRIE BROOKS JACKSON JR. AND MILTON E. RICHARDS, Appellees




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 99-25394




O P I N I O N

          Barrie Brooks Jackson, Jr., an appellee in this case, sued General Electric
Capital Assurance Company (GECA), Bank One Texas, National Association (Bank
One), and Milton E. Richards, alleging that GECA and Bank One wrongfully paid
proceeds to Richards instead of Jackson and that Richards breached his fiduciary duty
to Jackson in the management of those funds. 
          Jackson, GECA, and Bank One all filed motions for summary judgment. The
trial court granted Jackson’s motions against GECA and Bank One, holding that, as
a matter of law, GECA and Bank One wrongfully paid funds to Richards that were
supposed to be paid to Jackson. Jackson settled with Richards prior to trial. The case
then proceeded to trial on the issue of attorneys’ fees, and the jury awarded Jackson
attorneys’ fees in the amount of $24,000 to be paid by GECA, and $34,500 to be paid
by Bank One. 
          On appeal, Bank One argues in six issues that 1) Bank One was entitled to rely
on the court order furnished by Richards that named Richards as the managing
conservator of Jackson; 2) Bank One should not be liable to Jackson for releasing the
proceeds of a certificate of deposit to the executor of the depositor’s estate, when the
depositor’s will revoked any tentative trust in which the proceeds were previously
held for the benefit of Jackson; 3) the one-satisfaction rule bars Jackson from
recovering funds from his guardian in settlement, and then recovering the full amount
of the funds a second time in a suit against Bank One; 4) the evidence is legally
insufficient to support an award of attorneys’ fees; 5) a new trial on attorneys’ fees
was necessary due to jury charge error; and 6) Bank One’s cause of action against
Richards for unjust enrichment is not barred by limitations because it did not accrue
until the judgment in this case.
          GECA, also appealing, argues in nine issues that 1) the trial court erred in
denying GECA’s first motion for summary judgment on January 8, 2001; 2) GECA
properly relied on the court order naming Anita Richards as managing conservator
when it paid annuities to Anita Richards; 3) the trial court erred by granting Jackson’s
motion for summary judgment filed against GECA on August 31, 2001; 4) article
21.55 of the Texas Insurance Code is inapplicable to annuity contracts; 5) even if
article 21.55 could apply to the annuity contracts, it was error to assess penalties and
attorneys’ fees against GECA; 6) Jackson is estopped from receiving attorneys’ fees
under chapter 38 of the Texas Civil Practice and Remedies Code; 7) the trial court
erred in denying GECA’s second motion for summary judgment filed on October 25,
2001; 8) the trial court erred in failing to give GECA a credit based on the settlement
between Richards and Jackson; and 9) the trial court erred in not allowing GECA to
introduce evidence of Jackson’s failure to initiate pre-suit negotiations and GECA’s
attempts to solicit settlement demands.
          We reverse and render a take-nothing judgment in favor of Bank One and
GECA.
 
Facts
          Lucille Richards, the grandmother of Jackson, purchased for Jackson’s benefit
several investments during her lifetime. Among the investments were two deferred
annuities that named Jackson as the sole beneficiary and a certificate of deposit that
was to be held in trust for Jackson. 
          Lucille Richards died in 1993, and Milton Richards, who was Lucille’s son and
Jackson’s uncle and one of the court-appointed managing conservators of Jackson,
notified GECA of Lucille’s death. GECA, which was responsible for the annuity
payments, released a claim form to Jackson, and Anita Richards, the other court-appointed managing conservator, signed the form as Jackson’s “parent” and
submitted a copy of an agreed order on a motion to modify in a suit affecting the
parent-child relationship. The order identified Milton and Anita Richards as
Jackson’s joint managing conservators, and stated that Milton and Anita had “all the
rights, privileges, duties, and powers of a parent.” Anita also signed a “Declaration
of Parent” in which she declared that she was Jackson’s “parent” and requested that
GECA make a lump sum payment of the annuities on Jackson’s behalf.
          Meanwhile, Milton Richards contacted Bank One and requested that they
release the CD proceeds to him. Milton presented Bank One with a death certificate,
letters testamentary, and the court order appointing him as one of Jackson’s managing
conservators, with “all rights, privileges, duties, and powers of a parent.” After
receiving the documents presented by Milton, Bank One released the proceeds to him.
          Thereafter, Jackson alleged that Milton and Anita Richards had mismanaged
the funds that were supposed to be held for his benefit. Jackson then sued Milton and
Anita for breach of fiduciary duty and sued Bank One and GECA, as well as other
financial institutions, for wrongfully paying funds to Milton and Anita rather than to
Jackson.
Standard of Review
          Both GECA and Bank One filed motions for summary judgment against
Jackson that were denied by the trial court, and both are requesting that this Court
reverse and render judgment for them as to Jackson’s claims against them.
          The standards for reviewing a motion for summary judgment are as follows:
(1) the movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter
of law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as true; and
(3) every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in the nonmovant’s favor. Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment if at
least one element of each of the plaintiff’s causes of action is negated as a matter of
law. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex. 1995). 
A defendant may also prevail on a motion for summary judgment by conclusively
proving all elements of an affirmative defense as a matter of law, such that there is
no genuine issue of material fact. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995)
(per curiam). 
          A no-evidence motion for summary judgment is proper when there is complete
absence of evidence of a vital fact, or the evidence offered to prove a vital fact is no
more than a scintilla, or the evidence conclusively establishes the opposite of the vital
fact. Merrell Dow Pharmacy, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).
GECA and Bank One’s Reliance on Court Order
          GECA and Bank One both filed motions for summary judgment in which they
argued that there was no wrongful payment of funds because they relied on a court
order that named Anita and Milton Richards as managing conservators over Jackson. 
GECA and Bank One now each argue in one of their issues on appeal that we should
determine that their reliance on the court order was proper and render judgment for
them. We will address this key issue at the outset.
          After the death of Lucille Richard, the 246th District Court named Anita and
Milton Richards as managing conservators of Jackson. The court order provided that
the Richardses “shall have all the rights, privileges, duties, and powers of a parent.” 
 GECA and Bank One argue that, because they were presented with a court order that
named Milton and Anita Richards as the managing conservators and because the
Family Code gives parents the power to receive payments for support of their
children, as well as the power to hold and disburse any funds for the benefit of their
children, GECA and Bank One were justified in paying proceeds to Milton and Anita
Richards for the benefit of Jackson. See Tex. Fam. Code Ann. § 151.001 (Vernon
Supp. 2004) (providing that parents have the duty to “manage the estate of the child,”
and the power to “receive and give receipt for payments for the support of the child
and to hold or disburse any funds for the benefit of the child”). 
          Jackson argues that the court order is void and should be given no effect
because (1) the district court did not have jurisdiction to name Milton and Anita
Richards as managing conservators and (2) the court order violates the separation of
powers doctrine by giving Anita and Richard Milton full parental rights, which would
have the effect of “changing the law of intestate succession under both the Family
Code and Probate Code.”
          A judgment is void only in those circumstances where it is apparent that the
court had no jurisdiction over the parties, no jurisdiction over the subject matter, no
jurisdiction to enter the judgment, or no capacity to act as a court. Mapco Inc. v.
Forrest, 795 S.W.2d 700, 703 (Tex. 1990). A trial court which has made a child
custody determination has continuing jurisdiction over the determination until the
court or another determines that the jurisdiction should cease, based on two situations
listed in the Family Code.


 Jackson does not argue that any of the listed
circumstances are present in this case, but cites the Texas Supreme Court case of
Greene v. Schuble for the proposition that, because Jan Jackson, the previous
managing conservator of Jackson, died before the court made the custody
determination, the court lost jurisdiction to make such a determination. 654 S.W.2d
436, 438 (Tex. 1983). 
          In Greene, after a father and mother divorced, the father of their children was
appointed as managing conservator and the mother was named as possessory
conservator. Id. at 437. The father later died, and the woman he had remarried tried
to keep the children instead of giving them to their natural mother, who was the
possessory conservator. Id. The court held that, absent specific provisions in the
order establishing conservatorship, the death of the managing conservator ended the
conservatorship order, and the order would no longer constitute a valid subsisting
court order. Id. at 437-38. The court further held that, in such a situation, the mother,
who had been named as the possessory conservator, had the right to have issued a
writ of habeas corpus to obtain possession of the children. Id. at 438. The court went
on to note that even a court of continuing jurisdiction must be willing to grant a writ
of habeas corpus to deliver possession of the children. Id. 
          GECA argues, and we agree, that the Greene court, while holding that a
conservatorship order was invalid after the death of the managing conservator, was
in no way suggesting that the death would also cause the exclusive continuing
jurisdiction of the court to be terminated. Rather, the Greene court seemed to
contemplate further involvement by the court of continuing jurisdiction by stating that
it would be bound to issue a writ of habeas corpus to the surviving parent who had
a superior right of possession to the children. Id. Accordingly, because Jackson’s
reliance on Greene is misplaced, and because none of the circumstances listed in the
Family Code that allow a court to terminate its jurisdiction is present, we hold that the
court issuing the conservatorship order was not lacking in jurisdiction to issue the
order. 
          Jackson also argues that the court lacked jurisdiction over Jan Jackson and
could not remove her as managing conservator because it was not shown that she was
served with citation. The court order, however, stated that “all persons entitled to
citation were properly cited.” In circumstances such as this, where the court order
stated that all persons who were entitled to citation were cited, and where there is no
evidence to the contrary, we will presume that citation was given to all persons who
were so entitled. See In re B.D., 16 S.W.3d 77, 80 (Tex. App.—Houston [1st Dist.]
2000, pet. denied) (applying presumption of regularity when the judgment indicated
that notice had been given and there was no evidence to suggest otherwise). 
          Jackson additionally argues that the court order was void because it violated
the separation of powers doctrine by giving Anita and Milton Richards the “rights,
privileges, duties, and powers of a parent.” Jackson contends that, under the Probate
Code, Milton and Anita Richards cannot inherit from Jackson, who is not their child,
which, therefore, would make the court order void. We see no need to interpret the
court order to determine whether the court improperly gave an implied right to inherit
to Anita and Milton Richards because there is no inheritance issue in this case. Even
if we were to assume, which we do not, that the court improperly gave inheritance
rights to Anita and Milton Richards, the court order would still not be void, because
this situation is not one that fits into the four circumstances outlined in Mapco that
would make a judgment or court order void. 795 S.W.2d at 703 (judgment is void
only in those circumstances where it is apparent that court had no jurisdiction over 
parties, no jurisdiction over subject matter, no jurisdiction to enter judgment, or no
capacity to act as a court).
          In determining that the court order naming Anita and Milton Richards as
managing conservators was not void, we hold that Bank One and GECA were entitled
to rely on the court order in paying funds to Anita and Milton Richards to hold for the
benefit of Jackson. The court order stated that Anita and Milton Richards would have
the rights, privileges, duties, and powers of parents, and the Family Code gives
parents the power to hold and disburse any funds for the benefit of their children. 
See Tex. Fam. Code Ann. § 151.001(a)(8). Our review of the Family Code reveals
no restrictions that would prohibit a court from giving non-parent managing
conservators the right to hold and disburse funds for children. In fact, the Family
Code now specifically states that non-parents appointed as sole managing
conservators have “the right to receive and give receipt for payments for the support
of the child and to hold or disburse funds for the benefit of the child.” Tex. Fam.
Code Ann. § 153.371(5) (Vernon Supp. 2004). Accordingly, we hold that there is
no evidence that either Bank One or GECA wrongfully paid any funds to Anita or
Milton Richards that were to be for the benefit of Jackson. 
          We sustain appellants’ first issue addressed.
          Having determined that there was no wrongful payment of funds, we need not
reach the remaining issues assigned by GECA or Bank One. 
 
 
 
 
 
 
Conclusion
          We reverse the trial court’s judgment and render a take-nothing judgment in
favor of GECA and Bank One.




                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.