COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-185-CV

IN THE MATTER OF 

D.W.H. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant D.W.H. appeals the trial court’s order transferring him from the custody of the Texas Youth Commission (TYC) to the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for the completion of his forty-year determinate sentence.  In three points, Appellant contends that the trial court erred by (1) proceeding with the transfer hearing because he did not receive the required statutory notice, (2) denying his motion to quash, and (3) denying his motion for continuance.  We affirm.

II. Factual and Procedural Background

The trial court committed Appellant to TYC on a forty-year determinate sentence after adjudicating him delinquent for committing murder.  After Appellant served two years and eleven months at TYC, TYC requested that Appellant be transferred to TDCJ.  The trial court held a hearing pursuant to section 54.11 of the Texas Family Code to determine whether to transfer Appellant to TDCJ or to simply return him to the custody of TYC. 
 See 
Tex. Fam. Code Ann.
 § 54.11 (Vernon Supp. 2006). 

At the May 17, 2006 transfer hearing, Leonard Cucolo, a TYC court liaison and custodian of records, testified that Appellant had engaged in 179 documented incidents of misconduct while at TYC and was placed in the security unit thirty-two times.
(footnote: 2)  Cucolo also stated that after being committed to TYC, Appellant was initially sent to the Marlin Unit for evaluation for sixty days and then assigned to the Giddings State School to undergo treatment and correctional therapy.  However, Cucolo explained that during his stay in Giddings, Appellant:

failed to progress in the treatment programs made available to him; 

failed to demonstrate any meaningful change in his behavior or values; 

maintained a phase two level in correctional therapy, which indicated to TYC personnel that he was neither trying nor motivated to complete the resocialization program; 

was removed from both the Capital Offender Program and the Chemical Dependency Treatment Program due to his refusal to participate; and 

continued to engage in noncompliant behavior even after being warned on several occasions that such conduct could result in his transfer to TDCJ. 

After hearing evidence from both the State and Appellant, the trial court ordered Appellant to be transferred to TDCJ to serve the remainder of his sentence. 

III.  Notice of Transfer Hearing

In his first point, Appellant complains that he did not receive reasonable notice of the transfer hearing.  Section 54.11(b) of the family code requires the trial court to notify “the person to be transferred or released under supervision” of the time and place of the hearing.  
Tex. Fam. Code Ann.
 § 54.11(b)(1); 
In re J.L.S.
, 47 S.W.3d 128, 130 (Tex. App.—Waco 2001, no pet.).  While Appellant concedes that he was present at the transfer hearing and in fact received actual notice of it, he argues that he was denied due process because he did not receive 
any notice directly from the trial court.   

However, under Texas law, a transfer hearing is not a trial.  
In re J.M.O.
, 980 S.W.2d 811, 813 (Tex. App.—San Antonio 1998, pet. denied).  Unlike in a trial, a juvenile in a transfer hearing is not being adjudicated or sentenced.  
Id. 
 Rather, the trial court is merely determining whether the person, who is committed to TYC, should be transferred to TDCJ.  
Tex. Fam. Code Ann.
 § 54.11(a); 
see In re C.L. Jr.
, 874 S.W.2d 880, 885 (Tex. App.—Austin 1994, no writ). Therefore, because this hearing is not part of the guilt/innocence determination, due process requirements are not as stringent as those in an actual trial.  
J.M.O.
, 980 S.W.2d at 813; 
In re D.S.
, 921 S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ dism’d w.o.j.).  In this case, the trial court’s order transferring Appellant to TDCJ recites that “due notice had been issued on all parties as required by Section 54.11(b) and (d) of the Texas Family Code.”  Accordingly, so long as the record supports the court’s finding that all parties were notified of the hearing, notice will be deemed adequate.  
See In re R.G.
, 994 S.W.2d 309, 311-12 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

 In addition to Appellant’s testimony that he received no correspondence from the trial court while at TYC or in the Tarrant County jail, the record contains an April 19, 2006 letter from Sherry Brown, the court coordinator for the trial court, to Marie Murdoch, TYC’s manager for corrections programming, stating that a transfer hearing was going to be held in the trial court on May 17, 2006, 
at 2 P.M. and that a bench warrant would be issued for Appellant two weeks prior to the hearing date.  The letter also indicates, by way of a “cc” designation, that copies of the letter were sent to Appellant, Appellant’s attorney, Appellant’s father, and the chief prosecutor.  The record also contains the trial court’s April 21, 2006 bench warrant ordering that Appellant be transferred from the Giddings State School to the Tarrant County jail to await the May 17
 hearing and a hand-written letter from Appellant to the trial court dated May 10, 2006, in which Appellant states, “As I’m sure you already know[,] I am scheduled to appear in your courtroom on the 17th of this month.  We’re both quite aware of the circumstances that have brought this about.”  

Moreover, the reporter’s record of the transfer hearing indicates that the prosecutor, Appellant, and Appellant’s attorney all appeared at the hearing and that Appellant’s father was on notice of the hearing but was unable to attend. Despite filing a motion to quash and seeking a continuance due to the notice issue,
(footnote: 3) Appellant’s attorney acknowledged on the record that he, in fact, timely received his copy of Brown’s letter and personally informed Appellant of the place and time of the hearing some ten days prior to the proceeding.  While section 54.11 of the family code required the trial court to provide Appellant with notice of the transfer hearing, that section does not specify the manner of such notification or state a minimum time by which the notice must be sent before the hearing.  
See
 
Tex. Fam. Code Ann.
 § 54.11(b); 
J.L.S.
, 47 S.W.3d at 130.  

Therefore, we conclude that sufficient evidence exists in the record to support the trial court’s finding that Appellant was notified of the hearing as required by statute.  
See 
Tex. Fam. Code Ann.
 § 54.11(b).  Accordingly, we overrule Appellant’s first issue.

IV.  Motion to Quash and Request for Continuance

In his second and third issues, Appellant argues that the trial court erred by denying both his motion to quash and his request for a continuance.  As stated above, Appellant’s counsel prefaced these requests on his assertion that the trial court failed to provide Appellant with adequate notice of the transfer hearing.  Thus, having determined that Appellant received adequate notice of the hearing, we overrule these remaining issues.

V.  Conclusion

Accordingly, we affirm the trial court’s order transferring Appellant to TDCJ.            

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  May 10, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4. 

2:
The security unit is a program that separates students who exhibit assaultive or disruptive behavior from the rest of the population. 

3:
Appellant’s counsel made it clear that he had adequate time to prepare for the hearing and explained that he made his motion to quash and request for continuance solely as a result of the alleged lack of notice to Appellant.