COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-185-CV

 

 

IN THE MATTER OF 

 

 

D.W.H.                                                                                              

 

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                           I. Introduction








Appellant D.W.H. appeals the
trial court=s order
transferring him from the custody of the Texas Youth Commission (TYC) to the
Institutional Division of the Texas Department of Criminal Justice (TDCJ) for
the completion of his forty-year determinate sentence.  In three points, Appellant contends that the
trial court erred by (1) proceeding with the transfer hearing because he did
not receive the required statutory notice, (2) denying his motion to quash, and
(3) denying his motion for continuance. 
We affirm.

                           II. Factual and Procedural Background

The trial court committed
Appellant to TYC on a forty‑year determinate sentence after adjudicating
him delinquent for committing murder. 
After Appellant served two years and eleven months at TYC, TYC requested
that Appellant be transferred to TDCJ. 
The trial court held a hearing pursuant to section 54.11 of the Texas
Family Code to determine whether to transfer Appellant to TDCJ or to simply
return him to the custody of TYC.  See
Tex. Fam. Code Ann. ' 54.11 (Vernon Supp. 2006). 








At the May 17, 2006 transfer
hearing, Leonard Cucolo, a TYC court liaison and custodian of records,
testified that Appellant had engaged in 179 documented incidents of misconduct
while at TYC and was placed in the security unit thirty-two times.[2]  Cucolo also stated that after being committed
to TYC, Appellant was initially sent to the Marlin Unit for evaluation for
sixty days and then assigned to the Giddings State School to undergo treatment
and correctional therapy.  However,
Cucolo explained that during his stay in Giddings, Appellant:

$                  
failed to progress in the
treatment programs made available to him; 

$                  
failed to demonstrate any
meaningful change in his behavior or values; 

$                  
maintained a phase two level
in correctional therapy, which indicated to TYC personnel that he was neither
trying nor motivated to complete the resocialization program; 

$                  
was removed from both the
Capital Offender Program and the Chemical Dependency Treatment Program due to
his refusal to participate; and 

$                  
continued to engage in
noncompliant behavior even after being warned on several occasions that such
conduct could result in his transfer to TDCJ. 

After hearing evidence from both the State and
Appellant, the trial court ordered Appellant to be transferred to TDCJ to serve
the remainder of his sentence. 

 III.  Notice of Transfer Hearing








In his first point, Appellant
complains that he did not receive reasonable notice of the transfer
hearing.  Section 54.11(b) of the family
code requires the trial court to notify Athe person to be transferred or released under supervision@ of the time and place of the hearing. 
Tex. Fam. Code Ann. ' 54.11(b)(1); In re J.L.S., 47 S.W.3d 128, 130 (Tex. App.CWaco 2001, no pet.).  While
Appellant concedes that he was present at the transfer hearing and in fact
received actual notice of it, he argues that he was denied due process because
he did not receive any notice directly from the trial court.   

However, under Texas law, a
transfer hearing is not a trial.  In
re J.M.O., 980 S.W.2d 811, 813 (Tex. App.CSan Antonio 1998, pet. denied). 
Unlike in a trial, a juvenile in a transfer hearing is not being
adjudicated or sentenced.  Id.  Rather, the trial court is merely determining
whether the person, who is committed to TYC, should be transferred to
TDCJ.  Tex.
Fam. Code Ann. ' 54.11(a); see
In re C.L. Jr., 874 S.W.2d 880, 885 (Tex. App.CAustin 1994, no writ). Therefore, because this hearing is not part of
the guilt/innocence determination, due process requirements are not as
stringent as those in an actual trial.  J.M.O.,
980 S.W.2d at 813; In re D.S., 921 S.W.2d 383, 387 (Tex. App.CCorpus Christi 1996, writ dism=d w.o.j.).  In this case, the
trial court=s order
transferring Appellant to TDCJ recites that Adue notice had been issued on all parties as required by Section
54.11(b) and (d) of the Texas Family Code.@  Accordingly, so long as the
record supports the court=s finding
that all parties were notified of the hearing, notice will be deemed
adequate.  See In re R.G., 994
S.W.2d 309, 311-12 (Tex. App.CHouston [1st Dist.] 1999, pet. denied).








 In addition to Appellant=s testimony that he received no correspondence from the trial court
while at TYC or in the Tarrant County jail, the record contains an April 19,
2006 letter from Sherry Brown, the court coordinator for the trial court, to
Marie Murdoch, TYC=s manager
for corrections programming, stating that a transfer hearing was going to be
held in the trial court on May 17, 2006, at 2 P.M. and that a bench warrant
would be issued for Appellant two weeks prior to the hearing date.  The letter also indicates, by way of a Acc@
designation, that copies of the letter were sent to Appellant, Appellant=s attorney, Appellant=s father, and the chief prosecutor. 
The record also contains the trial court=s April 21, 2006 bench warrant ordering that Appellant be transferred
from the Giddings State School to the Tarrant County jail to await the May 17
hearing and a hand‑written letter from Appellant to the trial court dated
May 10, 2006, in which Appellant states, AAs I=m sure you
already know[,] I am scheduled to appear in your courtroom on the 17th of this
month.  We=re both quite aware of the circumstances that have brought this about.@  








Moreover, the reporter=s record of the transfer hearing indicates that the prosecutor,
Appellant, and Appellant=s attorney
all appeared at the hearing and that Appellant=s father was on notice of the hearing but was unable to attend.
Despite filing a motion to quash and seeking a continuance due to the notice
issue,[3]
Appellant=s attorney
acknowledged on the record that he, in fact, timely received his copy of Brown=s letter and personally informed Appellant of the place and time of
the hearing some ten days prior to the proceeding.  While section 54.11 of the family code
required the trial court to provide Appellant with notice of the transfer
hearing, that section does not specify the manner of such notification or state
a minimum time by which the notice must be sent before the hearing.  See Tex.
Fam. Code Ann. ' 54.11(b); J.L.S.,
47 S.W.3d at 130.  

Therefore, we conclude that
sufficient evidence exists in the record to support the trial court=s finding that Appellant was notified of the hearing as required by
statute.  See Tex. Fam. Code Ann. ' 54.11(b).  Accordingly, we
overrule Appellant=s first
issue.

                  IV. 
Motion to Quash and Request for Continuance








In his second and third
issues, Appellant argues that the trial court erred by denying both his motion
to quash and his request for a continuance. 
As stated above, Appellant=s counsel prefaced these requests on his assertion that the trial
court failed to provide Appellant with adequate notice of the transfer
hearing.  Thus, having determined that
Appellant received adequate notice of the hearing, we overrule these remaining
issues.

                                          V.  Conclusion

Accordingly, we affirm the
trial court=s order
transferring Appellant to TDCJ.           


PER CURIAM

 

PANEL F:    GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

 

DELIVERED:  May 10, 2007











[1]See Tex. R. App. P. 47.4.   





[2]The
security unit is a program that separates students who exhibit assaultive or
disruptive behavior from the rest of the population. 





[3]Appellant=s
counsel made it clear that he had adequate time to prepare for the hearing and
explained that he made his motion to quash and request for continuance solely
as a result of the alleged lack of notice to Appellant.