

IN THE
TENTH COURT OF APPEALS

No. 10-09-00035-CV

IN THE MATTER OF S.G., A JUVENILE

From the 74th District Court
McLennan County, Texas
Trial Court No. 2008-217-J

OPINION

S.G., a juvenile, was found to have engaged in delinquent conduct by committing the offense of Indecency with a Child by Contact by the trial court in a non-jury trial. TEX. FAM. CODE ANN. § 54.03 (Vernon 2006); TEX. PEN. CODE ANN. § 21.11 (Vernon 2003). S.G. complains that the evidence is factually insufficient to find that he engaged in delinquent conduct, that the trial court's questioning of his expert witness was erroneous, and that the record contains no waiver of a jury trial. Because we find the record contains no affirmative waiver of a jury trial in accordance with the Texas Family Code, we reverse and remand for a new trial.

*Waiver of Jury Trial*

Texas Family Code Section 54.03(c) states: "Trial *shall* be by jury unless jury is waived in accordance with Section 51.09." TEX. FAM. CODE ANN. § 54.03(c) (emphasis

added). Section 51.09 of the Texas Family Code establishes the methodology for a juvenile to waive his rights, including that to a jury trial. TEX. FAM. CODE ANN. § 51.09 (Vernon 2007). Section 51.09 states:

> Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
>
> (1) the waiver is made by the child and the attorney for the child;
>
> (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
>
> (3) the waiver is voluntary; and
>
> (4) the waiver is made *in writing or in court proceedings that are recorded*.

TEX. FAM. CODE ANN. § 51.09 (Vernon 2007) (emphasis added).

The record in this case is silent as to the waiver of a jury trial. There is neither a written waiver in the record nor any oral waiver on the record as required by Section 51.09. *Id*. Additionally, the judgment adjudicating S.G. makes no mention of a jury trial being waived or otherwise.

The State argues that any error stemming from this failure has not been preserved in the trial court. *See* TEX. R. APP. P. 33.1. *See also* TEX. FAM. CODE ANN. §§ 54.03(b) & (i) (Vernon 2008). S.G. does not dispute that no objection was lodged in the trial court, but argues that an affirmative waiver is required regardless of the failure of the trial court to explain his rights to him. Thus, we must first determine whether the failure to object to the lack of a written or oral jury trial waiver must be preserved at the trial court or may be raised for the first time on appeal.

*Preservation of Error*

The Texas Supreme Court addressed the issue of the necessity of preservation of error for purposes of appeal in juvenile cases in *In re C.O.S.* *In re C.O.S.*, 988 S.W.2d 760 (Tex. 2001). *In re C.O.S.* involved improper admonishments in a juvenile proceeding prior to the 1997 amendment to Section 54.03, which added (i), which now requires that an objection must be made to the trial court's failure to give admonishments pursuant to Section 54.03(b) prior to the start of testimony. *See* Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 8, 1987 Tex. Gen. Laws 1891, 1894; Act of May 26, 1987, 70th Leg., R.S., ch. 386, § 3, 1987 Tex. Gen. Laws 1899, 1900, amended by Act of June 2, 1997, 75th Leg., R.S., ch. 1086, § 10, 1997 Tex. Gen. Laws 4179, 4184-85 (current version at TEX. FAM. CODE ANN. §§ 54.03(b) & (i)). However, we do not construe S.G.'s complaint to be based on the failure to properly give admonishments pursuant to Section 54.03(b), but the trial court's failure to comply with the mandates in Section 54.03(c).

*In re C.O.S.* holds that there are three categories of rights and requirements used in determining whether error may be raised for the first time on appeal. *See In re C.O.S.*, 988 S.W.2d at 765-767. The first set of rights are those that are considered so fundamental that implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties. *See id.* at 765; *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). The second category of rights is those that must be implemented by the system unless expressly waived. *See In re C.O.S.*, 988 S.W.2d at 766; *Marin v. State*, 851 S.W.2d at 278-279. The third set of rights is those that the trial court has no duty to enforce unless requested. *See In re C.O.S.*, 988 S.W.2d at 765; *Marin v.*

*State*, 851 S.W.2d at 279. The law of procedural default applies to this last category, wherein the failure to speak waives these forfeitable rights. *See In re C.O.S.*, 988 S.W.2d at 767 (quoting *Marin v. State*, 851 S.W.2d at 279).

The right to a jury trial in a juvenile case fits into the second category. *See In re C.D.H.*, 273 S.W.3d 421, 424-425 (Tex. App.—Texarkana 2008, no pet.) (citing *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003)). *See also Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007) (waivable-only right cannot be forfeited by inaction alone). This second category includes rights or requirements embodied in a statute that directs a trial court in a specific manner. *See In re C.O.S.*, 988 S.W.2d at 766. *See also In re J.L.S.*, 47 S.W.3d 128, 130 (Tex. App.—Waco 2001, no pet.). The Supreme Court held in *C.O.S.* that "when a statute directs a juvenile court to take certain action, the failure of the juvenile court to do so may be raised for the first time on appeal unless the juvenile defendant expressly waived the statutory requirement. *In re C.O.S.,* 988 S.W.2d at 766; *In re J.L.S.*, 47 S.W.3d at 130.

Thus, we find that this error may be raised for the first time on appeal.

*Harm Analysis*

We apply the civil harm standard when reviewing the adjudication phase of an indeterminate juvenile sentencing proceeding. *See In re C.P.*, 998 S.W.2d 703 (Tex. App.—Waco 1999, no pet.). Under the civil harm standard, an error requires reversal only if it probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this Court. *See* TEX. R. APP. P. 44.1(a).

A harm analysis is required except in very limited circumstances. *In re D.I.B.*, 988 S.W.2d 753, 758 (Tex. 2001). This is true even in cases where the error involved "defies analysis by harmless error standards" or "the data is insufficient to conduct a meaningful harmless error analysis." *In re D.I.B.*, 988 S.W.2d at 759.

This case presents particular difficulties in determining harm. The interplay between the criminal and civil standards in juvenile cases is particularly problematic here when determining which rule of appellate procedure governs the determination of harm.[1] Juvenile cases are most similar to criminal cases in their procedure; however, juvenile appeals are to be governed by civil rules of appellate procedure as far as practicable. *In re D.I.B.*, 988 S.W.2d at 756. Also, there is little authority to guide our decision in a case where the record is completely devoid of any reference of any kind to a jury trial by anyone, including the trial court.

It is true that the failure to object to the trial court's failure to give the required explanations waives the ability to complain about the error for appeal; however, this failure is a factor in our harm analysis. *See Smith v. State*, 223 S.W.3d 690, 696 (Tex. App.—Texarkana 2007, no pet.) (defendant was aware of right to jury based on written waiver in punishment phase of trial where waiver was marked out and judgment recited jury was waived so error was harmless). *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (where judgment recites jury trial waived, defendant is presumed to be aware of right to jury trial absent showing otherwise based on

---

[1] The criminal standard for nonconstitutional error is: "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). If the error affects substantial rights, then, it is not harmless. *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).

presumption of regularity of judgments). *See also In re M.E.W.*, No. 01-93-01152-CV, 1995 Tex. App. LEXIS 458 at *5 & 6 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (not designated for publication) (no harm from improper Section 51.09 waiver when adjudication order did not include the offenses that served as the basis for the complaint of improper waiver). *See also VanNortrick v. State*, 227 S.W.3d 706, 709, 714 (Tex. Crim. App. 2007) (burden of proof to establish harm does not rest on either party; harmful error requires reversal when record is silent as to defendant's immigration status and no admonishments given regarding the effect of conviction and deportation). In the trial before the court, the trial court's only "explanation" required by Section 54.03(b) given to S.G. was "the charge is indecency with a child by contact." The trial court did offer to read the petition; however, the reading of the petition was waived by counsel for S.G. The trial court never asked S.G. if he agreed to this waiver.

We also include in our inquiry the conduct of the bench trial itself. During the bench trial, the trial court spent a significant amount of time questioning Dr. Aaron Pierce, who was an expert testifying on behalf of S.G. The trial court's questions sought clarification of Dr. Pierce's evaluations and opinions, and arguably could have resulted in the alteration of Dr. Pierce's opinions. While the interrogation of Dr. Pierce might not constitute reversible error standing alone, it certainly would have been impermissible for the trial court in a jury trial. *See Morrison v. State*, 845 S.W.2d 882, 886 n.10 (Tex. Crim. App. 1992).

The trial court was under a duty to commence a trial by jury unless that right was properly, affirmatively waived by the juvenile and his counsel. The trial court

erred in conducting a bench trial with no affirmative waiver as required by Section 51.09. Further, the judgment makes no reference to a waiver of a jury trial. We hold that the trial court's error probably did result in the rendition of an improper judgment. We sustain this issue.

*Conclusion*

We find that the record does not affirmatively establish that S.G. and his attorney waived S.G.'s right to trial by jury as required by Texas Family Code Sections 51.09 and 54.03. We reverse and remand this cause to the trial court for a new trial. Because we are remanding this cause for a new trial, we do not address S.G.'s other issues.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Reversed and Remanded
Opinion delivered and filed October 14, 2009
[CV06]