COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-07-00100-CV |
| | § | |
| | § | Appeal from the |
| IN THE MATTER OF R.D., A JUVENILE | § | 289th Judicial District Court |
| | § | of Bexar County, Texas |
| | § | (TC# 2006-JUV-30111) |
| | § | |

**O P I N I O N**

This is an appeal from a conviction for delinquent conduct of aggravated robbery. Appellant challenges the legal and factual sufficiency of the evidence supporting the conviction arguing: the evidence is legally and factually insufficient to support the jury's finding that he used or exhibited a deadly weapon, and the evidence is factually insufficient to support the jury's rejection of his affirmative defense of duress. This Court previously determined that the evidence is legally and factually sufficient to support the finding that Appellant used or exhibited a deadly weapon. *In re R.D.*, 304 S.W.3d 424, 428 (Tex.App.--El Paso 2009, pet. granted). With respect to the affirmative defense issue, this Court concluded Appellant failed to preserve it for our review. *Id*. at 429. The Texas Supreme Court reversed, holding Appellant adequately preserved his challenge to the jury's rejection of his affirmative defense. *In re R.D.*, 304 S.W.3d 368, 370 (Tex. 2010).

BACKGROUND[1]

Appellant R.D. was convicted of delinquent conduct of aggravated robbery and sentenced to commitment to the Texas Youth Commission, with the possible transfer to the Institutional Division of the Texas Department of Criminal Justice for fifteen years. Appellant thereafter filed an appeal with this Court. In his first two issues, Appellant challenges the legal and factual sufficiency of the evidence to support the jury's verdict that he engaged in the delinquent conduct, and in the last issue, Appellant challenges the factual sufficiency of the evidence to support the jury's rejection of his affirmative defense of duress. We previously held the evidence is legally and factually sufficient to support the jury's deadly-weapon finding, and thus overruled Appellant's first and second issues. *In re R.D.*, 304 S.W.3d at 428. As for the third issue, we applied the transferor's court precedent and concluded Appellant failed to preserve this issue because he did not specify this ground in his motion for new trial. *Id*. at 429.

The Texas Supreme Court reversed, holding that Appellant's motion for new trial was sufficient to preserve on appeal the issue of whether the jury's rejection of his affirmative defense had no evidentiary support. *In re R.D.*, 304 S.W.3d at 370. The Court reasoned that the jury's single finding that Appellant engaged in delinquent conduct by committing aggravated robbery "subsumed its rejection of [Appellant's] affirmative defense, which was not submitted as a separate question but as an instruction to the delinquency question." *Id*. Therefore, Appellant's motion for new trial, in which he generally challenged the legal and factual sufficiency of the evidence to support the jury's delinquency finding, did not constitute a waiver

[1] This case's detailed factual background is laid out in more detail in our previous opinion, *In re R.D.*, 304 S.W.3d 424, 428 (Tex.App.--El Paso 2009, pet. granted), *rev'd*, 304 S.W.3d 368, 370 (Tex. 2010).

of his complaint regarding his affirmative defense of duress. *In re R.D.*, 304 S.W.3d at 370. The case is now before this Court on remand for consideration of Appellant's remaining issue.

The only issue remaining is Appellant's assertion that the trial court erred in denying the motion for new trial because the evidence is factually insufficient to support the jury's rejection of Appellant's affirmative defense of duress. Although juvenile appeals are categorized as civil cases, when reviewing challenges to the sufficiency of the evidence supporting a finding that a juvenile engaged in delinquent conduct, appellate courts utilize the same standards applicable in criminal appeals. *See In re M.D.T.*, 153 S.W.3d 285, 287 (Tex.App.--El Paso 2004, no pet.). However, since Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia*, legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issue Three as a challenge to the legal sufficiency of the evidence. *See id.* at 899.

A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When conducting such a review, this Court is required to defer to the jury's role as the sole judge of witness credibility, and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

Appellant argues he established the affirmative defense of duress through his testimony at trial that he only robbed the victim because Richard Casarez's father, who allegedly was a

member in the Mexican mafia, threatened to harm Appellant's family if he failed to follow his order to rob someone.

The duress defense is applicable to a case in which the defendant "engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another." TEX.PEN.CODE ANN. § 8.05(a)(West 2003). "Imminent" means something that is impending, not pending; something on the point of happening, not about to happen. *Schier v. State*, 60 S.W.3d 340, 343 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd). Harm is imminent when there is an emergency situation and it is immediately necessary to avoid that harm; when a split-second decision is required without time to consider the law. *Id*. A person is compelled to action within the meaning of the duress defense only if confronted by force or threat of force that would render a person of reasonable firmness incapable of resisting the pressure. TEX.PEN.CODE ANN. § 8.05(c).

Viewing the evidence in the light most favorable to the verdict, Appellant testified at trial that he felt threatened by Mr. Casarez's father, but he did not feel threatened by Mr. Casarez himself. However, the evidence shows that at the time of the offense, only Mr. Casarez was with Appellant. Appellant testified specifically that Mr. Casarez's father was not around when Appellant put the gun to the victim's body, and robbed her at gunpoint. Moreover, after his arrest, Appellant did not inform the police officers that the reason he committed the offense was because he feared Mr. Casarez's father would harm his family. At trial, Appellant testified the reason he continued not to inform the officers was due to his continued fear of the father. The jury could have properly rejected Appellant's testimony that he continued not to inform the officers, due to a persistent fear of Mr. Casarez's father, by finding it lacked credibility. *See*

-4-

*Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App. 1993). Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is legally sufficient to support the jury's rejection of Appellant's duress defense. Accordingly, Issue Three is overruled.

Having overruled Appellant's issues raised for review, we affirm the trial court's judgment.

March 16, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.