**Affirmed and Opinion filed May 24, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-01233-CV

---

### IN THE MATTER OF R.R.

---

### On Appeal from the 314th District Court
### Harris County
### Trial Court Cause No. 2010-00487J

---

## OPINION

Appellant, R.R., was charged with the aggravated sexual assault of a child under the age of 14. After a bench trial, the trial court found R.R. engaged in delinquent conduct and assessed punishment at five years' confinement in the Texas Youth Commission with a possible transfer to the Texas Department of Criminal Justice. On appeal, R.R. asserts that the trial court erred by (1) proceeding to a bench trial without obtaining a waiver of jury trial by R.R.'s trial counsel, (2) excluding witness testimony attacking the complainant's credibility, and (3) finding the evidence presented to be legally and factually sufficient to support adjudicating R.R. as a delinquent. We affirm.

I

The State alleges that R.R. sexually assaulted C.C. on January 11, 2009, while C.C. was at her friend S.K.'s house. C.C. was twelve years old at the time. C.C. testified

that R.R. grabbed her, pushed her onto a bed, and held her down with his arm while he took off both of their clothes. C.C. testified that while this was happening, she "was squirming around and crying. Screaming." She said that R.R. then "stuck his penis in my vagina."

On October 11, 2010, an agreed-setting form resetting the case for "Court Trial" was signed by R.R.'s parent/guardian, his attorney, and the prosecutor. A bench trial was held three days later after the following exchange in open court among the trial judge, the prosecutor (Sarah Bruchmiller), and R.R.'s attorney (Fred Dahr):

> THE COURT: Okay. [R.R.], you are charged with first degree felony offense of aggravated sexual assault of a child under the age of 14. That is said to have occurred on January 11th, 2009. You had a right to have a trial in front of a jury, but it appears that you have given up that right; is that true?
>
> RESPONDENT: Yes, sir.
>
> THE COURT: Okay. All right then. And I'm going to enter a plea of not true to the allegation that you're charged with. All right then. You may proceed.
>
> MS. BRUCHMILLER: Your Honor, at this time State offers Petitioner's Exhibit 1 which is a signed stipulation of the date of birth of the respondent.
>
> (Whereupon Petitioner's Exhibit 1 is offered into evidence.)
>
> MR. DAHR: No objection, Judge.
>
> THE COURT: All right. It's admitted.

During the bench trial, R.R. called S.K. to the stand, and the following exchange occurred:

> MR. DAHR: About how long did you know [the complainant] for?
>
> A: Since beginning of eighth grade.
>
> MR. DAHR: What's your opinion of her, her truthfulness?

2

A: She don't have -

MS. BRUCHMILLER: Objection. Improper question.

THE COURT: That's sustained.

MR. DAHR: Have you talked to people in your community about whether [the complainant] tells the truth?

MS. BRUCHMILLER: Objection. Improper question regarding to character. [sic]

THE COURT: That's sustained.

MR. DAHR: Pass the witness, Judge.

At the conclusion of the bench trial, the trial court found that R.R. engaged in delinquent conduct and assessed punishment at five years' confinement in the Texas Youth Commission with a possible transfer to the Texas Department of Criminal Justice. The same afternoon, the trial court issued a judgment providing, in relevant part:

> BE IT REMEMBERED that this cause being called for trial, came on to be heard before the above Court with the above numbered and entitled cause and came the State of Texas by her Assistant District Attorney, SARA BRUCHMILLER, and came in person the Respondent, [R.R.], with his/her defense attorney, DAHR, FRED, and the Respondent's parent(s), guardian(s), or custodian(s), , [sic] and pursuant to the Texas Family Code all parties waived a jury, waived/had prior access to all reports to be considered by the courts and announced ready for a hearing; and there upon the Court, after hearing the pleading of all the parties and hearing the evidence and argument of counsel, finds beyond a reasonable doubt that said child committed the offense(s) alleged in the petition and/or established by the evidence.

R.R. timely moved for a new trial, alleging the same issues alleged in this appeal. The trial court denied that motion, and this appeal followed.

II

We must address challenges to legal and factual sufficiency regardless of our disposition of the other issues in a case. *See Graham v. State*, 643 S.W.2d 920, 924 (Tex.

3

Crim. App. 1981); *Banks v. State*, 158 S.W.3d 649, 650 n.1 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). This is because a successful challenge to the sufficiency of the evidence bars retrial and requires the entry of a judgment of acquittal. *Graham*, 643 S.W.2d at 924; *Banks*, 158 S.W.3d at 650 n.1. Accordingly, we begin our discussion by examining R.R.'s third issue.

Although juvenile proceedings are civil matters, the standard applicable in criminal matters is used to assess the sufficiency of the evidence underlying a finding the juvenile engaged in delinquent conduct. *In re A.O.*, 342 S.W.3d 236, 239 (Tex. App.—Amarillo 2011, pet. denied); *see also In re I.A.G.*, 297 S.W.3d 505, 507 (Tex. App.—Beaumont 2009, no pet.). A majority of judges on the Court of Criminal Appeals has concluded that the *Jackson v. Virginia*[1] legal-sufficiency standard is the only standard a court reviewing a criminal case should apply in determining whether the evidence is sufficient to support each element that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); *id.* at 926 (Cochran, J., concurring, joined by Womack, J.) (agreeing with the plurality conclusion). Accordingly, we ask only if the evidence is legally sufficient to sustain a verdict of guilty beyond a reasonable doubt.[2] *See id.* at 912 (plurality op.); *see also Orsag v. State*, 312 S.W.3d 105, 115 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

In a legal-sufficiency case, we examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential

---

[1] 443 U.S. 307 (1979).

[2] R.R. argues that *Brooks* should not apply here for the sole reason that *Brooks* is a criminal case and this is a civil proceeding: "Until the Texas Supreme Court holds otherwise, it is appropriate for [courts of appeals] to continue to apply the appropriate and separate [legal- and factual-sufficiency] standards." He can point to no relevant authority for this assertion, and several courts of appeals have already applied *Brooks* to juvenile proceedings. *See A.O.*, 342 S.W.3d at 239–40 (Amarillo); *In re R.D.*, 342 S.W.3d 123, 125 (Tex. App.—El Paso 2011, no pet.); *In re K.D.P.*, No. 11-09-00045-CV, 2010 WL 5257644, at *2 (Tex. App.—Eastland December 16, 2010, no pet.) (mem. op., not designated for publication); *In re M.C.S.*, 327 S.W.3d 802, 805 n.3 (Tex. App.—Fort Worth 2010, no pet.). We also conclude that *Brooks* is applicable to juvenile proceedings and reject R.R.'s arguments to the contrary.

elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[3] This standard of review applies to cases involving both direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Although we consider everything presented at trial, we do not substitute our judgment regarding the weight and credibility of the evidence for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume the factfinder resolved conflicting inferences in favor of the verdict, and defer to that determination. *Clayton*, 235 S.W.3d at 778. We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

To prevail in a case of aggravated sexual assault, the State must prove beyond a reasonable doubt that the defendant intentionally or knowingly caused the penetration of a child's sexual organ. Tex. Penal Code § 22.021. The testimony of the child victim alone can be enough to support a conviction. Tex. Code Crim. Proc. 38.07; *Tran v. State*, 221 S.W.3d 79, 88 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

R.R. argues that the evidence was insufficient because C.C. was an unreliable witness and "[t]here was no physical evidence and scant testimonial evidence in the record to corroborate her trial testimony." Though this may be true, it has no bearing on our sufficiency analysis. *See Williams*, 235 S.W.3d at 750 (noting that "reviewing courts give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). C.C. testified at trial that R.R. "stuck his penis in my vagina." On that statement alone, a rational factfinder could find that R.R. intentionally or knowingly

---

[3] Because *Brooks* holds that *Jackson v. Virginia* provides the sole standard for reviewing sufficiency of the evidence in criminal cases, we need not attempt to reconcile any conflict in our prior precedent. *See In re G.M.P.*, 909 S.W.2d 198, 202 (Tex. App.—Houston [14th Dist.] 1995, no writ) (rejecting *Jackson v. Virginia* in a juvenile case in favor of a review of "the evidence as a whole"); *In re G.A.T.*, 16 S.W.3d 818, 828 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (applying *Jackson v. Virginia* in a juvenile case). *Brooks* and *Jackson v. Virginia* require this court to "consider[ ] all of the evidence." *See Brooks*, 323 S.W.3d at 899 (citing *Jackson v. Virginia*, 443 U.S. at 319.

caused the penetration of a child's sexual organ. *See* Tex. Penal Code § 22.021; *Tran*, 221 S.W.3d at 88. Thus, we conclude that the evidence the State presented was sufficient to support an adjudication of R.R. as delinquent.

III

We turn to R.R.'s jury-trial waiver issue, and we note in passing that it is properly before us even without an objection in the trial court. Under the Family Code, jury trials are the default course of action, and a trial court has a duty to commence a trial by jury unless and until both the juvenile and his attorney release the trial court from that duty. Tex. Fam. Code §§ 51.09, 54.03(c). When a statute directs a juvenile court to take certain action, the failure of the juvenile court to do so may be raised for the first time on appeal unless the juvenile defendant expressly waived the statutory requirement. *In re C.O.S.*, 988 S.W.2d 760, 767 (Tex. 1999). Because R.R. argues that he did not waive his right to a jury trial, the issue is properly before us without an objection below.

A more difficult question is whether the trial court reversibly erred when it found that R.R. validly waived his right to a jury trial despite the absence of a written or recorded waiver by R.R.'s attorney. The State concedes that the record does not contain a written or oral waiver by R.R.'s attorney but argues the error is harmless. Initially, then, we must determine whether the error below is subject to harmless-error analysis.

Except for certain federal constitutional errors the U.S. Supreme Court has labeled as structural, no error—even if it relates to jurisdiction, voluntariness of a plea, or some other mandatory requirement—is categorically immune to a harmless-error analysis. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (superseded by statute on other grounds). Denial of an adult defendant's right to a jury trial is a structural error not subject to harmless-error analysis. *Green v. State*, 36 S.W.3d 211, 216 (Tex. App.— Houston [14th Dist.] 2001, no pet.). However, a court's failure to follow statutory procedures for waiving a defendant's right to trial is not structural error. *See Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002); *Ex parte Sadberry*, 864 S.W.2d 541,

6

543 (Tex. Crim. App. 1993) ("Neither the federal nor the state constitution require that a trial by jury be waived in writing. Rather, the legislature has chosen to observe careful regulation of that constitutional right by specifying how that right may be waived."). Such a failure must somehow harm a defendant to be reversible error. *Johnson*, 72 S.W.3d at 348.

For adults, trial by jury is a fundamental right guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and article I, section 15, of the Texas Constitution. *Hall v. State*, 843 S.W.2d 190, 193 (Tex. App.—Houston [14th Dist.] 1992, no writ). Few jurisdictions afford the right to juvenile defendants, but Texas does.[4] Section 54.03 of the Family Code sets out the procedure for juvenile adjudication hearings and plainly provides: "Trial shall be by jury unless jury is waived in accordance with Section 51.09." Tex. Fam. Code § 54.03(c). The State relies on the supreme court's decision in *In re D.I.B.* to argue that the requirements of section 54.03—and by extension, section 51.09—are statutory in nature and that failure to comply with those procedures is subject to harmless-error analysis. *See* 988 S.W.2d 753, 754 (Tex. 1999). But the holding there was explicitly limited:

> We note that our holding today regarding the explanations required by section 54.03(b) of the Family Code is limited. The only issue before us is whether an appellate court should conduct a harm analysis when a trial court fails to explain the potential use of the record from a juvenile

---

[4] The majority of states and the federal government do not guarantee juveniles the right to a jury trial. Tina Chen, Comment, *The Sixth Amendment Right to a Jury Trial: Why Is It A Fundamental Right For Adults and Not Juveniles?*, 28 J. Juv. L. 1, 6 (2007). Texas has historically granted juvenile defendants broad legal protections unavailable to them in many states. *See McKeiver v. Pennsylvania*, 403 U.S. 528, 549 n.9 (1971) (naming Texas as one of ten states to provide a juvenile's right to a jury trial in some situations); *see also* Tamar R. Birckhead, *Toward a Theory of Procedural Justice for Juveniles*, 57 Buff. L. Rev. 1447, 1489 n.166 (2009) (naming Texas as one of only two states to completely prohibit the waiver of counsel by juveniles); Mark Ells, *A Brief Analysis of Some Elements of a Proposed Model Juvenile Code*, 28 Hamline J. Pub. L. & Pol'y 199, 206 (2006) (naming Texas as one of five states to provide heightened statutory guidelines for interrogations of juveniles); Tory J. Caeti et al., *Juvenile Right to Counsel: A National Comparison of State Legal Codes*, 23 Am. J. Crim. L. 611, 625 (1996) (listing Texas among seven states offering the most comprehensive protections for juvenile defendants).

proceeding in a future criminal case. We are not called upon to decide, and do not decide, whether the failure to give one or more of the other explanations required by section 54.03(b) of the Family Code might be a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by 'harmless-error' standards."

*D.I.B.*, 988 S.W.2d at 759 (citing *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991)).

We must decide the source of a juvenile's right to a jury trial. *See Miles v. State*, 154 S.W.3d 679, 680 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 204 S.W.3d 822 (Tex. Crim. App. 2006). Only those errors that directly offend the U.S. Constitution or the Texas Constitution are structural errors immune from harmless-error analysis. *Id.*; *Fox v. State*, 115 S.W.3d 550, 563 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). It is clear that the federal constitution does not guarantee a juvenile the right to a jury trial. *McKeiver v. Pennsylvania*, 403 U.S. 528, 545 (1971). This, of course, does not prevent the Texas Constitution from guaranteeing that right. *Hous. Chronicle Publ'g Co. v. Crapitto*, 907 S.W.2d 99, 106 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("The federal constitution sets the floor for individual rights; state constitutions establish the ceiling.").

If the Texas Constitution guarantees the right to a jury trial to juveniles, section 54.03 of the Family Code merely recognizes that right. In that case, any error denying a jury trial to a juvenile is structural and not subject to harmless-error analysis. *See Green*, 36 S.W.3d at 216. On the other hand, if the right to jury trial provided in the Texas Constitution applies only to adults, section 54.03 creates a statutory right to jury trial in juvenile proceedings, and violations are subject to harmless-error analysis. *See Johnson*, 72 S.W.3d at 348.

Although this appears to be a matter of first impression in Texas, this court has previously chosen not to distinguish the federal and state constitutions on this issue. *Strange v. State*, 616 S.W.2d 951, 953 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ) ("[A] jury trial is not a constitutional requirement in the adjudicative stage of a

8

juvenile proceeding.") (citing *McKeiver v. Pennsylvania*, 403 U.S. 528 (1971)). The supreme court cited *Strange* approvingly to support the proposition that "[a]lthough minors have constitutional rights, they do not have the same constitutional rights as adults." *See Barber v. Colo. Indep. Sch. Dist.*, 901 S.W.2d 447, 451 (Tex. 1995). We see no reason to alter our previous assessment. Though Texas does more than most jurisdictions to preserve the right to a jury trial for juveniles, it does not go so far as to constitutionally require jury trials in juvenile proceedings. *See Strange*, 616 S.W.2d at 953. The Family Code—not the Texas constitution—creates a juvenile's right to a jury trial.

Because a jury trial is not constitutionally required, a juvenile must demonstrate that his substantial rights were affected in order to obtain reversal based on the erroneous denial of a jury trial under section 54.03. *See* Tex. R. App. P. 44.2(b); *See Johnson*, 72 S.W.3d at 348. In a non-jury case, an error does not affect substantial rights if the error does not deprive the complaining party of some right to which he was legally entitled. *Johnson*, 72 S.W.3d at 348; *Smith v. State*, 290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). In determining harm, we consider the entire record. *Smith*, 290 S.W.3d at 375.

Here, R.R. does not assert any harm, and the judgment indicates that "all parties waived a jury." That recitation is binding in the absence of direct proof of its falsity. *Johnson*, 72 S.W.3d at 349; *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g). There is no such proof in the record, and in fact, R.R. makes no challenge at all to the judgment itself. Instead, R.R. portrays the record as completely silent on any waiver from his attorney and relies on the well-settled rule that waiver cannot be inferred from a silent record. *See, e.g., Carnley v. Cochran*, 369 U.S. 506, 516 (1962).

We do not agree that the record is silent. R.R. orally waived his right to a jury in open court on the record with his attorney present. Additionally, R.R's attorney signed a

form agreeing to a "Court Trial." Although neither the oral waiver nor the trial-setting form are sufficient to satisfy the requirements of section 54.03, they both weigh against any suggestion that a trial to the bench harmed R.R. Because the record reflects that R.R. opted for a bench trial, we conclude that any failure by the trial court to adhere to the requirements of section 54.03 was harmless. *See Johnson*, 72 S.W.3d at 349. We overrule R.R.'s second issue.

IV

Finally, we examine R.R.'s assertion that the trial court erred by excluding S.K.'s testimony attacking complainant's credibility. We conclude that R.R. failed to preserve this error, and we overrule it.

The Texas Rules of Appellate Procedure require a party to preserve error for appellate review by demonstrating the error on the record. Tex. R. App. P. 33.1(a); *Clark v. State*, 305 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, ___ S.W.3d ___, 2012 WL 1605148 (Tex. Crim. App. May 9, 2012). The party must make the complaint in a timely manner and state the grounds for the ruling that the complaining party seeks from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). There is nothing in the record showing that R.R. ever told the trial court precisely why S.K.'s testimony was admissible until he filed his motion for new trial. Thus, without deciding whether the trial court erred in excluding this evidence, we conclude that R.R. has not preserved the alleged error for appellate review. *See Estate of Veale v. Teledyne Indus., Inc.*, 899 S.W.2d 239, 243 (Tex. App.—Houston [14th Dist.] 1995, writ denied). We overrule R.R.'s second issue.

10

\* \* \*

For the foregoing reasons, we affirm the trial court's judgment.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Justices Brown, Boyce, and McCally.

11