**Affirmed and Memorandum Opinion filed November 27, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-01084-CR

---

**GERMAN HOSTILIO ROMERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1270733**

---

## M E M O R A N D U M   O P I N I O N

In a single issue, appellant German Hostilio Romero argues that the evidence is legally insufficient to support his conviction for sexual assault of a child. Because we conclude that the evidence is sufficient, we overrule appellant's issue and affirm the judgment of the trial court.

Appellant was charged with digitally penetrating the sexual organ of his sixteen-year-old sister. On the night of the incident, appellant was hosting a party to celebrate his daughter's baptism. An argument erupted during the party, causing all of the celebrants to

leave, including appellant's wife and children. As the party was dispersing, the complainant walked over from a neighbor's house, accompanied by her best friend Lucy. The three of them danced together to music, and appellant furnished them with beer and hard liquors. Neither girl had ever consumed alcohol before, and both became heavily intoxicated.

At one point in the evening, appellant asked for the complainant and Lucy to kiss each other. Uncomfortable with the request, the complainant excused herself to the restroom. When she returned, appellant started kissing her neck and unbuttoning her shorts. According to the complainant, appellant fondled her breasts, removed her shorts, and inserted his fingers into her vagina.

Lucy pleaded with appellant to stop. When appellant continued his attack, Lucy ran next door for help. The neighbors returned and found the complainant outside, who, by that time, was by herself and only in her underwear. One of the neighbors later witnessed appellant exit his house with his belt loose and hanging from his pants.

When police were called the following day, photographs were taken of the complainant's neck, chest, and arms, where signs of bruising, scratches, and hickeys were visible. The complainant was also transported to the hospital, where a sexual assault examination was conducted. No sperm was discovered during the examination, but a foreign allele was detected on a vaginal swab. Following a DNA analysis, appellant was excluded as a possible contributor of the foreign allele.

Appellant was convicted of the offense as charged, and sentenced to a term of five years' imprisonment. On appeal, he argues that his conviction cannot be sustained because there is no DNA or physical evidence of his assault. He also suggests that the complainant could not be believed because she was intoxicated, she admitted to several persons after the incident that she had no memory of anything happening between her and her brother, and she further testified to having a history of lying and stealing.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality opinion); *Pomier v. State*, 326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

To support a conviction for sexual assault, the State was required to prove that appellant intentionally or knowingly caused the penetration of the sexual organ of a child by any means. *See* Tex. Penal Code § 22.011(a)(2)(A). A conviction for sexual assault is supportable on the uncorroborated testimony of the victim if the victim was younger than seventeen years of age at the time of the offense. Tex. Code Crim. Proc. art. 38.07. In this case, the complainant testified that when she was sixteen years old, appellant touched her inappropriately by putting his fingers in her vagina. Her testimony was corroborated by Lucy, who testified at trial that appellant got on top of the complainant and took off her shorts. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational juror could have found every essential element of the charged offense beyond a reasonable doubt. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978) (holding that complainant's testimony alone was sufficient evidence of penetration, even without DNA evidence); *In re R.R.*, 373 S.W.3d 730, 735 (Tex. App.—Houston

3

[14th Dist.] 2012, pet. filed) (recognizing in juvenile justice case that attacks on the complainant's credibility have "no bearing on our sufficiency analysis").

Appellant's sole issue is overruled and the judgment of the trial court is affirmed.


/s/            Adele Hedges
Chief Justice


Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).