

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00048-CV
_____

IN THE MATTER OF R.A.J., A CHILD

_____

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 10,253-J#1, Honorable W. F. (Corky) Roberts, Presiding

_____

July 29, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This is an appeal from an adjudication of delinquency with respect to R.A.J. The youth was accused of engaging in indecency with a child by contact. The issue before us involves the failure to comply with the statutory procedures applicable to waiving the statutory right to trial by jury. The order of adjudication, however, states that "[t]he child and the child's attorney waived the right to trial by jury in open court, in accordance with Section 51.09 of the Family Code." R.A.J. argues that so memorializing the waiver failed to comport with applicable statute and that the error was harmful. We affirm.

A youth has no constitutional right to trial by jury in a delinquency proceeding. *In re R.R.*, 373 S.W.3d 730, 737 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). However, statute affords the child such a right. *Id.* And, with most every right, it may be waived but only in accordance with § 51.09 of the Texas Family Code. Tex. Fam. Code Ann. § 54.03(c) (West 2014). Per § 51.09, waiver may occur if it "is made by the child and the attorney for the child . . . the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it . . . the waiver is voluntary; and . . . the waiver is made in writing or in court proceedings that are recorded." *Id.* § 51.09. That aspects of this rather clear statute were not complied with here is undisputed. That neither R.A.J. nor the State objected to the error or otherwise attempted to remind the trial court of the requirements in § 51.09 seems rather clear, too.[1] Instead, both argue harm. R.A.J. contends, at length, that the error was harmful. The State suggests, in fewer words, that the error was harmless. We agree that it was and is harmless.

In assessing harm here, we apply the civil standard. *In re A.W.B.*, 419 S.W.3d 351, 358 (Tex. App.—Amarillo 2010, no pet.); *In re S.G.*, 304 S.W.3d 518, 520 (Tex. App.—Waco 2009, no pet.). The latter requires reversal only if the error probably caused the rendition of an improper judgment or probably prevented R.A.J. from properly presenting the case to this court. Tex. R. App. P. 44.1(a).

Again, the trial court found, in its judgment, that both appellant and her attorney waived the right to jury trial "in accordance with Section 51.09 of the Family Code." *Hill v. Hill*, 971 S.W.2d 153, 157 (Tex. App.—Amarillo 1998, no pet.) (recognizing that

---

[1] It has been held that error like that before us may be raised for the first time on appeal. *In re S.G.* 304 S.W.3d 518, 520 (Tex. App.—Waco 2009, no pet.), citing *In re C.O.S.*, 988 S.W.2d 760, 766 (Tex. 1999); *In re R.R.*, 373 S.W.3d 730, 735 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

findings of fact may be included in a judgment). That finding binds us until it is shown to be false. *Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002). And, R.A.J.'s effort to prove its inaccuracy consisted of little more than simply averring, in her brief, that no waiver occurred. Yet, nothing accompanied the representation, such as a citation to the record to evidence supporting the statement. Nor did our review of the record indicate that the finding was wrong. So, appellant's unfounded conclusion is of no import, and we have no choice but to honor the trial court's written factual observation. The latter also authorizes us to presume that R.A.J. and her attorney were aware of the right to a jury trial before waiving it. *See Johnson v. State*, 72 S.W.3d at 349; *In re R.R.*, 373 S.W.3d at 738.

Indeed, both *Johnson* and *R.R.* held that a finding in the judgment like that here is alone enough to illustrate the absence of harm. It may well be that the statutory requirements applicable to waiving the statutory right to a jury trial were not followed. Yet, R.A.J. and her attorney knew of the right and agreed to waive it, according to the trial court. And given that we must defer to the trial court's fact findings, *Johnson v. State*, 72 S.W.3d at 349, we cannot see how the failure to also manifest the waiver in the reporter's record or by separate writing probably caused the rendition of an improper judgment or probably prevented R.A.J. from properly presenting the case to this court.

The order finding delinquent conduct is affirmed.


Brian Quinn
Chief Justice

3