In the **MATTER OF I.F.M.**, Juvenile

**NO. 14-15-00781-CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed July 18, 2017

John F. Healey, Jr., Richmond, TX, for Appellee.

Cary Marshall Faden, Sugar Land, TX, for Appellant.

Panel consists of Chief Justice Frost, Justice Donovan, and Justice Wise.

## OPINION

John Donovan, Justice

Appellant was adjudicated as a juvenile for engaging in delinquent conduct by

committing the offense of theft of property. Appellant challenges the adjudication of the offense, arguing the "evidence adduced at trial is legally insufficient." We affirm.

## I. Procedural Background

The State filed an original petition asserting that on October 5, 2014, appellant engaged in delinquent conduct by unlawfully appropriating make-up of the value of $50 or more, but less than $500, from Vivian Hernandez, the loss prevention officer at the J.C. Penney store in First Colony Mall, Sugar Land, Texas. At the time the delinquent conduct was alleged to have occurred, appellant was fifteen years old.

An adjudication hearing was conducted. Appellant pleaded "not true." On July 15, 2015, a jury returned a verdict of "true." The trial court then conducted a disposition hearing. On July 20, 2015, the trial court entered its order of disposition for six months' probation and conditions of probation. Appellant timely moved for a new trial, alleging the verdict was contrary to the law and the evidence. The trial court denied the motion, and this appeal followed.

## II. Adjudication of a Juvenile and Standard of Review

Under the Texas Family Code, juvenile justice courts have jurisdiction over all cases involving delinquent conduct by a person who was a child at the time the person engaged in the conduct. Tex. Fam. Code § 51.04(a). A "child" is a person who is ten years of age or older and under seventeen years of age. *Id.* § 51.02(2). Delinquent conduct is defined, among other things, as "conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail." *Id.* § 51.03(a)(1).

In a juvenile proceeding, the trial court must conduct an adjudication hearing for the fact-finder to determine whether the juvenile engaged in delinquent conduct. Tex. Fam. Code § 54.03. If the fact-finder determines that the juvenile engaged in delinquent conduct, the trial court must then conduct a disposition hearing. *Id.* § 54.03(h). "Disposition is akin to sentencing and 'is used to honor the non-criminal character of the [juvenile] proceedings.'" *In re B.D.S.D.*, 289 S.W.3d 889, 893 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (quoting *In re K.T.*, 107 S.W.3d 65, 67 (Tex. App.—San Antonio 2003, no pet.)), *cert. denied*, 562 U.S. 1218, 131 S.Ct. 1485, 179 L.Ed.2d 303 (2011). An order of adjudication or disposition of a child generally does not constitute a criminal conviction. *See* Tex. Fam. Code § 51.13(a).

 Although juvenile cases are classified as civil proceedings, they are "quasi-criminal" in nature. *In re M.A.F.*, 966 S.W.2d 448, 450 (Tex. 1998); *see In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013). Civil and criminal rules apply at different stages of the same proceeding. *See In re K.H.*, 169 S.W.3d 459, 462 (Tex. App.—Texarkana 2005, no pet.); *see also* Tex. Fam. Code § 51.17. The burden of proof at the adjudication hearing is the beyond-a-reasonable-doubt standard applicable to criminal cases. *Id.* § 54.03(f). Therefore, we review the sufficiency of the evidence to support a finding that a juvenile engaged in delinquent conduct using the standard applicable to criminal cases. *See In re R.R.*, 373 S.W.3d 730, 734 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *In re G.A.T.*, 16 S.W.3d 818, 828 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

 Accordingly, when reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based

on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *In re R.R.*, 373 S.W.3d at 734–35 (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *accord Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard of review applies to cases involving both direct and circumstantial evidence. *In re R.R.*, 373 S.W.3d at 735. Although we consider everything presented at trial, we do not substitute our judgment regarding the weight and credibility of the evidence for that of the fact finder. *Id.* (citing *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). We presume the factfinder resolved conflicting inferences in favor of the verdict, and defer to that determination. *Id.* (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

### III. Sufficiency of the Evidence

Appellant argues the "evidence adduced at trial is legally insufficient." To prevail in a case of theft, the State must prove beyond a reasonable doubt that the defendant unlawfully appropriates property with intent to deprive the owner of the property. *See* Tex. Penal Code § 31.03(a). "Appropriate" means "to acquire or otherwise exercise control over property other than real property." *See id.* § 31.01(4)(b). Appropriation of property is unlawful if it is without the owner's effective consent, or the property is stolen and the actor appropriates the property knowing it was stolen by another. *See id.* § 31.03(b)(1), (2). The offense of a Class B misdemeanor of theft, which was charged in this case, is punisha-

ble by confinement in jail. *See id.* § 12.22; *see also* Tex. Penal Code § 31.03. Therefore, after an adjudication hearing, a child who has committed the offense of theft may be found to have engaged in delinquent conduct, because theft is conduct, other than a traffic offense, that violates a section of the Texas Penal Code that is punishable by confinement in jail. *See* Tex. Fam. Code § 51.03(a)(1), 54.03; *see also* Tex. Penal Code §§ 12.22, 31.03.

### A. The Evidence

Hernandez, a loss prevention officer at the J.C. Penney store in the First Colony Mall, testified that on October 5, 2014, she was on duty, in plain clothes performing floor surveillance in the women's department, across from an area where Sephora cosmetics are sold. Hernandez saw appellant and another young female enter the store and walk toward the Sephora cosmetics. Hernandez observed the girls selecting make-up items and concealing them. Hernandez saw appellant put an item in the pocket of her jeans. Hernandez telephoned an employee in the loss prevention office, gave him a description of the girls and department location, and asked that a security video camera be directed on them. The video reveals appellant selecting an eye shadow, concealing it in her hand, and placing it in the pocket of her jeans. Hernandez testified and the video corroborates that neither appellant nor her friend, S.A.-T., stopped to pay for the merchandise that Hernandez saw them conceal. Instead, they passed two check out registers and exited the store without paying for the merchandise.

Hernandez approached appellant and S.A.-T. and identified herself as "loss prevention," and requested the girls come back inside with her. They complied and Hernandez escorted them to the loss prevention office located in the department

store. At the loss prevention office, Hernandez asked appellant and S.A.-T. if they knew why they were there, and S.A.-T. answered "we took items." Hernandez then asked them to put whatever items they did not pay for on the table. Appellant took four items out from the pockets of her jeans—three eye shadows and a lipstick—and placed them on the table.

Hernandez testified that to determine the value of the recovered items she obtained a store receipt for the items from the store manager, which showed the eye shadows were $13 each and the lipstick was $21, for a total of $60. Hernandez further testified that a sample or tester eyeshadow from the Sephora display is valued the same whether it is a tester or a new product. Appellant did not have a receipt for the items, did not say she was going to pay for the make-up, and did not have permission to take the items without paying. Hernandez acknowledged on cross-examination that in her sworn affidavit she reported that she observed appellant conceal one Kat Von D lipstick, and three Sephora lipsticks. Hernandez conceded that she "didn't type her report right."

Officer Dustin Watkins testified he was on patrol with Sugar Land Police Department on October 5, 2014, when he was dispatched to the J.C. Penney loss prevention office. He was told there were two juvenile females being detained for shoplifting items totaling more than $50. Watkins took pictures of the recovered merchandise and then watched the video surveillance tape. He testified he observed appellant on the video; she was walking in the make-up department of the store when she can be seen selecting an item in her left hand, balling it up in her hand, and putting it in the pocket of her jeans. After viewing the video surveillance tape, he advised appellant and S.A.-T. that they were under arrest. They were handcuffed,

placed in Watkins' patrol car, and transported to a juvenile facility.

S.A.-T. testified that she and appellant were at the mall and went into the J.C. Penney store. S.A.-T. recalled walking to the Sephora department, getting make-up, and seeing appellant take "two or three items." She testified that she knew appellant was "grabbing makeup." S.A.-T. and appellant walked around separately for a while before getting back together to leave the store. S.A.-T. recalled Hernandez asking appellant what she planned to do with the make-up she had taken and appellant responding she just wanted to sell it to help out her mom with bills. S.A.-T admitted that she agreed to testify in appellant's case as part of her modifications for deferred probation.

## B. Analysis

■ Appellant argues that the evidence is legally insufficient because appellant "[c]learly" raised the defensive issue of mistake and would have been entitled to a mistake-of-fact instruction in the jury charge based on the evidence. These are two separate issues. First, we determine whether the evidence is sufficient to support the conviction. Second, we determine whether the defensive instruction should have been given.

We find the evidence legally sufficient to prove appellant committed the offense of theft of property. The evidence revealed appellant took three eye shadows and one lipstick with an aggregate value in excess of $50, and concealed them in her jeans. Hernandez testified she observed appellant shop-lifting make-up, and the make-up was valued at $60. Surveillance video footage further reveals appellant palming an eyeshadow and then putting it in her pocket. When taken in to the loss prevention room and asked to place unpaid for items on the table, appellant placed three eyesh-

adows and a lipstick on the table. Moreover, S.A.-T. testified that she saw appellant take two or three items.

To the extent appellant argues there was conflicting testimony at trial, we defer to the jury's resolution of conflicting witness testimony. Under a legal-sufficiency review, our role is not to become a thirteenth juror. We may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder. *In re R.R.*, 373 S.W.3d at 735 (citing *Williams*, 235 S.W.3d at 750); *see also In re J.B.M.*, 157 S.W.3d 823, 826 (Tex. App.—Fort Worth 2005, no pet.). "[R]eviewing courts give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

Viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational juror could have found the essential elements of the offense beyond a reasonable doubt—*i.e.*, appellant unlawfully appropriated the make-up with a value of $50 or more but less than $500, from Hernandez, the owner, with intent to deprive the owner of the property; and that this is a violation of 31.03 of the Texas Penal Code. *See In re R.R.*, 373 S.W.3d at 734–35; *Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781; *Temple*, 390 S.W.3d at 360; *Isassi*, 330 S.W.3d at 638. Thus, we hold the evidence is legally sufficient to support an adjudication of appellant as delinquent. Appellant's first issue is overruled.

With respect to appellant's second issue, appellant was not entitled to a defensive instruction on mistake-in-fact because appellant did not request it or object to the absence of such an instruction at trial. As set forth, *supra*, although the Family Code provides that in juvenile cases, the requirements governing an appeal are as in civil cases generally, the Texas Supreme Court has explained that juvenile proceedings are not purely civil matters; they are quasi-criminal in nature. *In re L.D.C.*, 400 S.W.3d 574. Thus, like a criminal defendant, a juvenile "is entitled to an instruction on any properly requested defensive issue raised by the evidence, regardless of whether the evidence is weak or strong, unimpeached or contradicted, or credible or not credible." *In re E.C.L.*, 278 S.W.3d 510, 521 (Tex. App.—Houston [14th Dist.] 2009, pet. filed).

Here, appellant neither requested a defensive instruction nor objected to its exclusion from the charge. A trial court has no *sua sponte* duty to instruct the jury on a defensive issue when the juvenile does not request such an instruction because an unrequested defensive issue is not the law applicable to the case. *In re C.H.*, 412 S.W.3d 67, 81 (Tex. App.—Fort Worth 2013, pet. denied) (citing *Vega v. State*, 394 S.W.3d 514, 518–19 (Tex. Crim. App. 2013)); *see also Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). The decision on whether to include an instruction on a defensive issue rests with the defendant and her counsel. *See id.* at 63. Because the trial court had no duty to *sua sponte* instruct the jury regarding all potential defensive issues and evidentiary theories, appellant cannot complain of this omission for the first time on appeal. *See In re C.H.*, 412 S.W.3d at 81 (citing *Vega*, 394 S.W.3d at 518-19); *see also Delgado v. State*, 235 S.W.3d 244, 249-50 (Tex. Crim. App. 2007); *Posey*, 966 S.W.2d at 61-64; *see also Webber v. State*, 29 S.W.3d 226, 233 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("a defensive issue is not part of the law applicable to the case unless the accused requests it to be or objects to its omission"). Appellant's second issue is overruled.

## IV. Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.