

# NUMBER 13-23-00530-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE THE STATE OF TEXAS EX REL. LUIS V. SAENZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Benavides[1]**

Relator the State of Texas ex rel. Luis V. Saenz filed a petition for writ of mandamus asserting that the trial court has "a ministerial duty to accept or reject the plea bargain entered into by the State and the juvenile defendant without modification." This Court has requested and received a response to the petition for writ of mandamus from the real party in interest, J.A.G., a juvenile.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

The parties disagree regarding the relevant standard of review for this original proceeding: relator presented and briefed the issue raised in this original proceeding as a criminal matter, governed by the code of criminal procedure, in which the trial court failed to comply with a ministerial duty, and J.A., in contrast, argues that the trial court acted within its discretion under civil standards of review. *Compare In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (discussing the general "abuse of discretion" standard), *with In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding) (discussing the "ministerial act" requirement). The parties further disagree regarding the availability and adequacy of a remedy by appeal.

A juvenile proceeding is quasi-criminal in nature, *see In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013), and the application of civil or criminal analyses in such cases vary depending on the circumstances presented. *See In re D.I.B.*, 988 S.W.2d 753, 756 (Tex. 1999) (generally discussing the civil and criminal rules applicable to juvenile proceedings and the different approaches taken to probation by the family code and the code of criminal procedure); *In re I.F.M.*, 525 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Civil and criminal rules apply at different stages of the same proceeding."); *see e.g.,* TEX. FAM. CODE ANN. §§ 51.17 (procedure and evidence), 54.03(j) (agreements), 54.034 (limited right to appeal with a plea or stipulation of evidence), 56.01 (right to appeal by juvenile), 56.03 (right to appeal by state). We need not address this issue here, however, because in any event, we deny mandamus relief. In short, under the ill-defined parameters of the plea bargain presented to the trial court, the trial court neither abused its discretion nor failed to comply with a ministerial duty. Accordingly, we deny the petition

2

for writ of mandamus.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of January, 2024.